# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

       Plaintiff,                :        Case No. 3:01-cr-017

                                    District Judge Walter Herbert Rice
     -vs-                              Chief Magistrate Judge Michael R. Merz

                                :

SHAWN J. JUDKINS,

       Defendant.

---

## REPORT AND RECOMMENDATIONS

---

**Motion to Amend**

This case is before the Court on Defendant Shawn Judkins Request for Leave to Amend and/or Supplement Pursuant to Fed. R. Civ. P. 15(c)(2) (Doc. No. 53) and Motion and Brief to Vacate Void Judgment (Doc. No. 54). Both Motions were referred to the undersigned on February 19, 2008; both are post-judgment motions requiring a report and recommendations under 28 U.S.C. § 636(b)(3).

In the Motion for Leave to Amend and/or Substitute, Defendant seeks to add a claim of ineffective assistance of trial counsel to his original Motion to Vacate or Set Aside Sentence under 28 U.S.C. § 2255 (Doc. No. 30). Petitioner's theory is that the prior dismissal was without prejudice because the judgment did not say it was with prejudice. The Court is unable to examine the judgment in question because it was rendered before this Court began keeping its files electronically (September 1, 2003) and the paper file has been archived in Chicago. It is unlikely that Petitioner

1

is correct because, as he admits and the docket indicates, he was denied a certificate of appealability. Even assuming, however, that he is correct, he is not entitled to make the amendment he seeks. A § 2255 Motion must be made within one year after the judgment of conviction becomes final. That happened in June, 2001, when Petitioner was sentenced and failed to file a direct appeal from the judgment of conviction. His Motion to Amend was not filed until April 29, 2005, almost four years after his conviction became final. The Supreme Court has held a claim in an amended petition does not relate back to the original date of filing under Fed. R. Civ. P. 15(c)(2) when it asserts a new ground for relief supported by facts that differ in both time and type from those set forth in the original pleading. *Mayle v. Felix*, 545 U.S. 644, 125 S. Ct. 2562; 162 L. Ed. 2d 582 (2005). The Supreme Court held that the relation back doctrine will only apply to newly-added claims which share a "common core of operative facts" with claims which have been timely made. It interpreted the "conduct, occurrence, or transaction" language of Rule 15(c)(2) to refer to the facts giving rise to a particular habeas corpus claim, rather than to the trial and eventual conviction which are being attacked in the habeas proceeding. It expressly held that "[a]n amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." As Petitioner admits, his original § 2255 Motion was made under Fed. R. Crim. P. 32. Thus the new claim would not relate back, even assuming an amendment could be made three years after judgment. Petitioner's Request for Leave to Amend should be denied.

**Rule 60(b) Motion**

Petitioner also moves to vacate the judgment in this case as void under Fed. R. Civ. P. 60(b)(4) (Doc. No. 54).

2

The Motion might be construed as a second or successive § 2255 Motion since it raises a claim not raised in Mr. Judkins' first § 2255 Motion. If it were thus construed, it would be subject to dismissal, since a second § 2255 claim cannot be made without prior permission of the Court of Appeals, which Mr. Judkins has not obtained. See 28 U.S.C. § 2255. Moreover, the Motion is subject to dismissal as untimely filed: Fed. R. Civ. P. 60(b) requires that motions made under it be made within a "reasonable" time and this Motion was filed on December 9, 2005, more than four years after the judgment became final.

More importantly, however, the Motion is without merit. It asserts that the Information in this case fails to confer subject matter jurisdiction on this Court because it charges violations of 18 U.S.C. §§ 2113(a) and (d) and 924(c)(1)(A)(ii), which sections have no enacting clause and are only codifications by the Law Revision Counsel of the House Judiciary Committee. However, Petitioner fails to take note of the various Public Laws which enacted these provisions of the Code. A cursory examination of Title 18 in the United States Code Annotated shows numerous references to the Public Laws and Statutes at Large which enacted these sections and later amended them. For example, Title 18 itself was enacted into positive law on June 25, 1948, by Public Law 772. It begins

> Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That Title 18 of the United States Code, entitled "Crimes and Criminal Procedure", is hereby revised, codified, and enacted into positive law, and may be cited as "Title 18, U. S. C., § -", as follows :

62 Stat. 683. Thus Petitioner's argument that the laws under which he was prosecuted and convicted were not validly enacted by Congress is without merit.

If, in the alternative, it is Petitioner's position that the Information itself had to contain a quotation of the enactment clause of each of the relevant statutes, that claim also is without merit. Even omission of an element from an indictment or information does not deprive the Court of

3

jurisdiction. *United States v. Cotton*, 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). *Ex parte Bain*, 121 U.S. 1, 30 L. Ed. 849, 7 S. Ct. 781 (1887), which had held omission of an element was jurisdictional, was expressly overruled in *Cotton*. Omission of an element is not even plain error; if not raised in the district court, it cannot be raised on appeal because it is waivable and therefore also forfeitable. *Id.* Since the enactment clause performs no notice function to a defendant, in contrast to an element, the notion that omission of the enactment clause from the information deprives the Court of jurisdiction is foreclosed *a fortiori* by *Cotton.* Petitioner's Motion to Vacate should also be denied.

Because reasonable jurists would not disagree with the conclusions reached herein, Petitioner should be denied the right to appeal *in forma pauperis* and any requested certificate of appealability.

February 20, 2008.

                                                s/ **Michael R. Merz**
                                              Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).